**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

| | | |
|---|---|---|
| **BEC TECHNOLOGIES, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs** | § | **Civil Action No. _____** |
| | § | |
| **BUG TUSSEL WIRELESS, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT,

COMES NOW, Plaintiff BEC Technologies, Inc. ("**BEC**") and files this Original Complaint against Defendant Bug Tussel Wireless, LLC ("**Defendant**") and in support thereof, respectfully shows the Court as follows:

### I. PARTIES

1. BEC is a telecommunications equipment supplier duly incorporated under the laws of California and authorized to do business in the state of Texas, with a principal place of business at 3301 Matrix Drive, Suite 200, Richardson, TX 75082.

2. Defendant is a Wisconsin limited liability company involved in telecommunications with a principal place of business at 417 Pine St. Green Bay, Wisconsin 54301, who may be served through its Registered Agent, Steven J. Schneider, at 417 Pine St. Green Bay, Wisconsin 54301.

### II. JURISDICTION AND VENUE

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because BEC and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

4.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### III.    CONDITIONS PRECEDENT

5.  All conditions precedent to filing this suit have been met.

### IV.    FACTUAL BACKGROUND

6.  On or about January 24, 2025, Defendant submitted two purchase orders to BEC for the purchase and sale of certain telecommunications products and/or equipment. BEC accepted the purchase orders and fulfilled its obligations under the agreement by delivering the telecommunications products and/or equipment to Defendant between the months of February and March 2025.

7.  BEC provided Defendant with two invoices for the transactions and Defendant was obligated to pay BEC the balance due in both invoices.  The total balance due under the first invoice was $77,095.30. The balance under the first invoice was due to be paid no later than March 2, 2025. The total balance due under the second invoice was $73,490.50. The balance due under the second invoice was due to be paid no later than March 30, 2025.

8.  Defendant failed to remit payment under either invoice by the respective due dates. BEC has sent multiple communications to Defendant demanding payment of the outstanding balance. Notwithstanding those efforts, Defendant has not resolved the outstanding balance.

9.  Defendant continues to owe BEC the outstanding balance of $150,585.80. Therefore, as a result of Defendant's breach, BEC has been damaged in the amount of $150,585.80, plus interest, costs and attorneys' fees.

### V.    CAUSES OF ACTION

**COUNT I – BREACH OF CONTRACT**

2

10. BEC repeats and alleges the facts contained in the preceding paragraphs and incorporates them herein fully by reference.

11. A valid and enforceable contract existed between the BEC and the Defendant.

12. Defendant agreed to purchase telecommunications products and/or equipment from BEC for $150,585.80. BEC fully performed its obligation to deliver the goods, but Defendant has failed and refuses to perform despite demand.

13. Defendant is in breach of its contractual obligation to provide payment.

14. Defendant's breach has caused injury to BEC which resulted in damages to BEC.

## COUNT II – QUANTUM MERUIT

15. BEC repeats and alleges the facts contained in the preceding paragraphs and incorporates them herein fully by reference.

16. In the alternative, Defendant accepted materials from BEC without compensating BEC.

17. BEC provided Defendant with telecommunications products and/or equipment for Defendant's benefit.

18. Defendant accepted the telecommunications products and/or equipment.

19. Defendant knew or should have known that BEC expected compensation when Defendant accepted the telecommunications products and/or equipment.

20. Because BEC expected compensation, Defendant's acceptance of the telecommunications products and/or equipment without payment caused injury to BEC which resulted in damages to BEC.

## COUNT III – PROMISSORY ESTOPPEL

21. BEC repeats and alleges the facts contained in the preceding paragraphs and incorporates them herein fully by reference.

22. In the alternative, Defendant made a promise to BEC that Defendant did not keep.

23. Defendant promised BEC that Defendant would compensate BEC for delivering certain telecommunications products and/or equipment to Defendant.

24. BEC relied on Defendant's promise by delivering certain telecommunications products and/or equipment to Defendant. Because of the nature of the promise, BEC's reliance was both reasonable and substantial.

25. Defendant knew or reasonably should have known that BEC would rely on Defendant's promise. Injustice to BEC can be avoided only if Defendant's promise is enforced.

26. BEC's reliance on Defendant's promise caused injury to BEC which resulted in damages to BEC.

## VI.    ATTORNEYS' FEES

27. As a result of Defendant's unlawful actions, BEC has retained legal counsel to prepare and prosecute this case and has agreed to pay reasonable attorneys' fees. Pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code, BEC is entitled to recover its reasonable and necessary attorneys' fees.

## VII.    INTEREST

28. BEC is entitled to recover, in addition to all other sums, pre-judgment and post-judgment interest at the maximum rate permitted by law.

## VIII. PRAYER

FOR THE FOREGOING REASONS, BEC prays that Defendant be cited to appear herein and answer this Original Complaint, and that BEC recover from and against Defendant the following:

i.       Judgment in an amount not less than $150,585.80;

ii.      Pre-judgment and post-judgment interest at the highest rate permitted by law;

iii.    Reasonable attorneys' fees;

iv.    All costs of court incurred herein; and

v.    Such further and additional relief to which BEC may show itself justly entitled, at law

or in equity.

Respectfully submitted,

**GRIFFITH DAVISON, P.C.**

by:  */s/ Trent E. Gray*
    Trent E. Gray
    State Bar No. 24078587
    tgray@griffithdavison.com

13737 Noel Road, Suite 1200
Dallas, Texas 75240
T: 972-392-8900
F: 972-392-8901
**ATTORNEYS FOR PLAINTIFF**
**BEC TECHNOLOGIES, INC.**